IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:

PLATINUM OIL PROPERTIES, L.L.C.,

      Debtor.                                                 Case No. 09-CV-922 JC/LAM
                                                               (BK Case No. 09-10832-j11)

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before the Court on Plaintiff's Motion to Withdraw the Reference and Supporting Memorandum of Law (Doc. 1), filed September 22, 2009. BP America Production Company ("BP America") filed its Objection to Motion of United States Department of the Interior to Withdraw the Reference (Doc. 3) on January 8, 2010. Debtor Platinum Oil Properties, L.L.C. ("Platinum") filed its Debtor's Objection to the Plaintiff's Motion to Withdraw the Reference (Doc. 6) on January 14, 2010.

        The Court has reviewed the relevant pleadings and, being otherwise informed in the premises, finds that the Department of the Interior's Motion to Withdraw the Reference (Doc. 1) ("Motion") is not well-taken and should be DENIED.

**I.      BACKGROUND**

        The instant dispute arises out of the Chapter 11 bankruptcy filed by Platinum on March 2, 2009. *Motion* at 9. The Department of the Interior's ("DOI's") interest in the case arises from its management of trust assets for the Jicarilla Apache Nation ("JAN") and from its duties under the Indian Minerals Leasing Act ("IMLA"). *Id.* at 1. It appears that sometime before filing bankruptcy, Platinum acquired certain operating rights for properties subject to IMLA and JAN tribal law. *Id.* at 3-6. Although the assignment of these rights was not approved by DOI,

Platinum sought to assign or transfer these interests to other parties before filing bankruptcy. *Id.* at 7-9. DOI now seeks to remove questions concerning the ownership of the subject property interests from Platinum's bankruptcy proceeding. *Id.* at 9.

## II.     LEGAL STANDARD

Title 28 U.S.C. Section 175(d) provides for the permissive and mandatory withdrawal of a matter from the bankruptcy court.

Permissive withdrawal applies where there is a showing of "cause." 28 U.S.C. § 175(d). The statute does not define "cause," WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE § 8:1 (3d ed. 2010), and the Tenth Circuit has yet to adopt specific factors to guide district courts in determining whether to exercise permissive withdrawal of a reference to bankruptcy court. As a matter of practice in district courts generally, however, the following factors are considered: (1) whether the matter is core to the bankruptcy and legal versus equitable, (2) the goals of promoting uniformity in bankruptcy administration, (3) reducing forum-shopping and confusion, (4) fostering the economic use of debtors' and creditors' resources, (5) expediting the bankruptcy process designed to achieve prompt liquidation or reorganization based on the maximization of the estate's assets, and (6) the presence of a jury demand. NORTON at § 8:1.

Mandatory withdrawal of a reference applies "on timely motion of a party" where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 175(d). "The purpose of a 157(d) is to take from the bankruptcy federal statutes affecting interstate commerce and give them to the district courts which have more experience in applying those laws." *Franklin Savings Assoc. v. Office of Thrift Supervision*, 150 B.R. 976, 980 (D. Kan.

1993). Most courts therefore "have reserved mandatory withdrawal to those cases where substantial and material consideration of non-[Bankruptcy] Code federal statutes is necessary for the resolution of the proceeding." *Id.* at 979-80.

The parties each recognize there is no standard in the Bankruptcy Code or local court rules for determining whether a motion to withdraw a reference is timely. *Motion* at 11; *BP's Objection* at 4; *Debtor's Objection* at ___. All that is required is that such a motion be made promptly according to developments in the bankruptcy proceeding. *Motion* at 11 (citing *American Community Servs., Inc. v. Wright Mktg. Inc. (In re American Community Servs., Inc.)*, 86 B.R. 681, 686 n.7 (D. Utah 1988)); *BP Objection* at 4 (quoting *In re Horstmann*, 1997 WL 266759 *23 (Bankr.D.N.M. May 16, 1997).

### III.  DISCUSSION

#### A.  The Motion Is Untimely.

Withdrawal of a reference to bankruptcy court, whether permissive or mandatory, requires that a party's motion be timely. 28 U.S.C. § 157(d). The bankruptcy at issue in this case was filed in March 2, 2009, and the issues DOI relies on for its Motion to Withdraw were first raised March 26, 2009. *BP's Objection* at 1, 8. DOI failed to take a position on these matters in the bankruptcy proceeding, despite JAN filing its own objections and despite DOI being given specific deadlines to do so, choosing instead to file the instant Motion. *Debtor's Objection* at 11. The Court agrees with BP America and Platinum that DOI was aware of any basis to withdraw the reference in March 2009. DOI's six-month delay renders its Motion untimely, and the Motion may therefore be denied on this ground alone.

#### B.  No Basis for Mandatory Withdrawal Exists.

DOI claims that resolution of the ownership of the subject leases is solely a matter of

interpreting IMLA and JAN's sovereign rights, and that resolution of the subject property rights "do[es] not involve bankruptcy law." *Motion* at 13.  However, the initial assignment of the subject interests to Platinum occurred in the context of a different bankruptcy proceeding. *Motion* at 6; *BP's Objection* at 5; *Debtor's Objection* at 2.  Platinum's position is that since neither DOI nor JAN filed objections to the settlement of the prior bankruptcy (including the assignment of interests to Platinum), both should be bound by that prior bankruptcy order. *Debtor's Objection* at 2.  As such, the resolution of the property ownership matters alleged by DOI clearly require application of bankruptcy law.

Beyond this, there is no evidence that substantial and material consideration of non-bankruptcy statutes is required to resolve this issue.  Whereas some application of IMLA and regulations thereunder may be required, DOI makes no argument that "substantial and material consideration" of IMLA is necessary to resolve the property rights at issue.  Indeed, it appears the primary question before the bankruptcy court is the effect of the prior bankruptcy orders and DOI's failure to raise its objections in that proceeding.

        **C.**    **Recognized Standards for Permissive Withdrawal Are Not Met.**

DOI acknowledges the most important factor in a court's consideration of a motion for permissive withdrawal of a reference to bankruptcy court is whether the matters at issue in the motion are core to the bankruptcy proceeding. *Motion* at 14 (citing *In re Westmoreland Coal Co.*, 221 B.R. 512, 515 (D.Colo. 1998).  While ownership of the subject property rights is certainly something that could be litigated outside of bankruptcy, the Court agrees with the objectors that resolution of the debtor's property rights are core to bankruptcy proceedings.  *BP's Objection* at 6 (citing *Bayless v. Crabtree*, 930 F.2d 32, 1991 WL 50166 * 2 (10th Cir. 1991)); *Debtor's Objection* at 21 (citing *In re George*, 322 F.3d 586, 590 (9th Cir. 2003); *In re Gateway*

*Ethanol, L.L.C.*, 2009 WL 1616662 *1 n.3 (Bankr. Kan. 2009); *In re DBSI, Inc.*, 409 B.R. 720, 727-28 (Bankr.D.Del. 2009); *In re Eldercare Properties*, 405 B.R. 816, 819 (S.D.Tex. 2006); *In re Winimo Realty Corp.*, 270 B.R. 108, 120 (S.D.N.Y. 2001); *In re Resource Tech. Corp.*, 254 B.R. 215, 218 (N.D.Ill. 2000); and *In re Dunes Hotel Assocs.*, 194 B.R. 967, 992-93 (D.S.C. 1995)).  Indeed, the property rights in this case originate from a separate bankruptcy proceeding, and, as the Court has previously noted, resolution of the rights depends to a great extent upon the interpretation of the prior bankruptcy orders.

All of the remaining factors for permissive withdrawal weigh in favor of denying DOI's Motion.  The goal of promoting uniformity in bankruptcy administration is best served by the bankruptcy court's determination of the effect of another bankruptcy on property rights.  Given that the matters raised in the Motion were already pending before the bankruptcy court and that the DOI essentially refused to participate in the bankruptcy court's resolution in favor of filing the instant Motion in this Court, *see Debtor's Objection* at 11, the goal of reducing forum-shopping and confusion would best be served by denial of the DOI's Motion.  The most economic use of debtors' and creditors' resources would be resolution of all matters in the bankruptcy court.  Resolution of all pending matters in the bankruptcy action also undoubtedly expedites the bankruptcy process.  Finally, no party appears to have made a jury demand, so this factor also weighs in favor of denying the DOI's Motion.

## IV.     CONCLUSION

Finding no basis for withdrawal of the reference in this matter, whether permissive or mandatory, and further finding that the DOI's Motion was not timely, the Court will DENY *Plaintiff's Motion to Withdraw the Reference and Supporting Memorandum of Law* (Doc. 1), filed September 22, 2009.

WHEREFORE, *Plaintiff's Motion to Withdraw the Reference and Supporting Memorandum of Law* (Doc. 1), filed September 22, 2009, is hereby DENIED.

DATED: April 7, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

Manuel Lucero, AUSA
Dori Ellen Richards, AUSA
Albuquerque, NM

Counsel for Debtor:

Jennie Deden Behles, Esq.
Albuquerque, NM

Austin L. McMullen, Esq.
Roger Jones, Esq.
Nashville, TN

Counsel for BP America:

J. Scott Hall, Esq.
Santa Fe, NM

Omer F. Kuebel, III, Esq.
C. Davin Boldissar, Esq.
New Orleans, LA